UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20562-CR-ALTMAN

UNITED STATES OF AMERICA,

v.

GABRIEL LOZADA,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral [ECF No. 60], to conduct a Change of Plea Hearing for Defendant Gabriel Lozada in this case. The Court having conducted the Change of Plea Hearing on May 1, 2023, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing, and would make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and the Defendant acknowledged on the record that he had signed and understood it. Defendant pleaded guilty as to Count 1 of the Indictment, which charges him with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. The Government agrees to seek dismissal of Counts 2–4 of the Indictment, as to this Defendant, after sentencing.

6. The Court ensured that Defendant understood the terms of the plea agreement and that the plea agreement represented, in its entirety, the understanding Defendant has with the Government.

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offenses to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offenses.

8.      Further, the Court reviewed with Defendant the possible minimum and maximum penalties for the charged offenses. Defendant acknowledged that he understood these possible penalties. Defendant was further advised that the Court may impose as to Count 1 a maximum term of 10 years' imprisonment, followed by a maximum term of supervised release of 3 years. The Court also advised Defendant that in addition to a term of imprisonment and supervised released, the Court may impose a fine of up to $250,000 or twice the gross gain or loss resulting from the offense, may order restitution, and will impose a special assessment in the amount of $100.

9. Defendant further acknowledged that he had agreed to forfeit to the United States any right, title, and interest to any property, real or personal, in accordance with Paragraph 10 of the Plea Agreement, and that the property subject to forfeiture includes, but is not limited to, a forfeiture money judgement in the sum of approximately $255,694.16, which represents the value of the property subject to forfeiture.

10.     Defendant acknowledged that he had reviewed the Indictment, discussed the charges against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

11.     The Court reviewed the terms of the appeal waivers in Paragraphs 11, 15, and 16 of the plea agreement. Defendant acknowledged he had sufficient time to discuss the terms of the appeal waivers with his attorney and he understood it. Specifically, the Court reviewed Defendant's: (1) waiver of his right to appeal any order of forfeiture as addressed in paragraph 11 of the plea agreement; (2) to appeal his waiver of the rights conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742 to appeal any sentence imposed as addressed in paragraph 15 of the plea agreement; and (3) waiver of right to challenge on appeal the constitutionality of the charged statutes and/or

whether his conduct fell within the scope of the statutes, under 28 U.S.C. § 1291, as described in paragraph 16 of the plea agreement. The Court finds that Defendant's appeal waivers were knowing and voluntary.

12. Based upon the foregoing and the plea colloquy conducted by the Court, its recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Count 1 of the Indictment and that Defendant be adjudicated guilty of the offenses charged.

13. A pre-sentence investigation report is being prepared. Sentencing is set for July 31, 2023, at 11:30 a.m. before District Judge Roy K. Altman.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Count 1of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **five** (5) days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendants' plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 2nd day of May, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Roy K. Altman;**

**All Counsel of Record**